IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DR. DWANE LAMAR HUBBART, d/b/a ST. MARY'S SCHOOL OF MEDICINE OF THE SOUTH PACIFIC AND d/b/a ST. MARY'S MEDICAL SCIENCES PROGRAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>State of Hawaii Office of Consumer Protection Department of Commerce and Consumer Affairs, STEVEN H. LEVINS in his individual and official capacity as the Executive Director; and MARK BENNETT in his official capacity as the Attorney General for the State of Hawai`i; and LINDA LINGLE in her official capacity as the Governor for the State of Hawaii;<br><br>　　　　Defendants.<br>_____ | CV. NO. 07-00459 DAE-BMK |

ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

On February 11, 2008, the Court heard Defendants' Motion for

Judgment on the Pleadings. (Doc. # 13.) Dr. Dwane Lamar Hubbart appeared at

the hearing pro se; David A. Webber, Deputy Attorney General, appeared at the

hearing on behalf of Defendants.  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion.

BACKGROUND

According to documents attached to the Complaint, which are not in dispute, in May 1998, Plaintiff Dwane Hubbart registered the trade name St. Mary's School of Medicine of the South Pacific and stated that the purpose of the business was "to be used as another campus to that located in the cook islands of the south pacific, which is also name[d] St. Mary's School of Medicine."  (Compl. at Ex. B1.)  Plaintiff apparently renewed the trade name registration in May 1999, and it has an expiration date of May 18, 2009.  In June 1999, Plaintiff Dwane Hubbart registered the trade name St. Mary's Medical Sciences Program and stated that the business would be used to teach students courses in pre-medical and basic medical sciences.  (Compl. at Ex. A2.)  The use of this trade name appears to have expired in June 2000.

By letter dated October 11, 1999, Plaintiff was informed by the State of Hawaii Office of Consumer Protection ("OCP") that St. Mary's School of Medicine of the South Pacific was operating in violation of Hawaii Revised Statute Chapter 446E, as enacted and subsequently amended, because the school was not accredited by the Liaison Committee on Medical Education.  (Compl. at Ex. D1.)

Plaintiff was further informed that in the past session, the Hawaii State Legislature passed Act 171, effective July 1, 1999, and that the Act specifically prohibited institutions that have not been accredited by the Liaison Committee on Medical Education from issuing medical degrees.  Plaintiff was told that St. Mary's School of Medicine of the South Pacific, having not been so accredited, could not issue medical degrees or otherwise operate as a medical school in Hawaii.  Plaintiff was told to have his attorney contact Lisa Tong at the OCP immediately.  (Id.)

On October 22, 1999, the OCP filed an Application for Entry of Consent Judgment in the Circuit Court of the First Circuit for the State of Hawaii relating to St. Mary's School of Medicine dba St. Mary's School of Medicine of the South Pacific (the "Application").  The Application and the Statement of Alleged Violations of Law and Reasons for Entering Into Consent Judgment were signed by Lisa Tong for the OCP and by Joseph M. Lovell as counsel for St. Mary's School of Medicine dba St. Mary's School of Medicine of the South Pacific.  The court entered the Consent Judgment on October 22, 1999, which had a signature for Dwane L. Hubbart as President for St. Mary's School of Medicine dba St. Mary's School of Medicine of the South Pacific.  (Compl. at Ex. G-11.) The Consent Judgment provided that St. Mary's School of Medicine  dba St. Mary's School of Medicine of the South Pacific had been given the opportunity to

3

consult with counsel of its choice regarding the effect and consequences of entering into the Consent Judgment and that it agreed to the Consent Judgment. The Consent Judgment further provided that St. Mary's School of Medicine dba St. Mary's School of Medicine of the South Pacific was enjoined from conducting business or otherwise operating as a medical school in the State of Hawaii.

On September 25, 2007, Plaintiff Dr. Dwane Lamar Hubbart dba St. Mary's School of Medicine of the South Pacific and dba St. Mary's Medical Sciences Program filed suit against OCP, Stephen H. Levins, in both his individual and official capacity as the Executive Director of the OCP, Mark Bennett in his official capacity as the Attorney General for the State of Hawaii, and Linda Lingle, in her official capacity as the Governor for the State of Hawaii.  Plaintiff was granted leave to file an amended Complaint on February 1, 2008.  Plaintiff filed his First Amended Complaint on February 1, 2008.  Plaintiff added Lisa Tong in her individual capacity as a defendant.  Plaintiff seeks injunctive relief against the State officials in their official capacities and seeks compensatory and punitive damages against the State officials in their individual capacities.

Plaintiff alleges that the OCP made a false claim when it stated that he was operating in violation of State law and could not operate a medical school. Plaintiff explains that Act 171 did not prevent him from operating a medical

school, as he was told by the OCP, but only prevented him from issuing degrees. Plaintiff also alleges that the OCP concealed that Act 171 had provisions that would allow existing institutions to continue operations for at least three more years.  Plaintiff claims that the OCP did not send him a complete copy of Act 171 in order to lull him into inaction and prevent him from operating legally.  Plaintiff also asserts that his signature on the Consent Judgment was obtained through improper means.  He claims that neither he nor his then counsel represented the entities named in the Consent Judgment.  At the hearing, Plaintiff explained that he is part owner of a school located in the Cook Islands, which is named St. Mary's School of Medicine and that school should have never been identified in the Consent Judgment as the Consent Judgment should only pertain to the St. Mary's School of Medicine of the South Pacific, since that was the only school that was operating in Hawaii.  Plaintiff asserts that he has suffered damages as a result of the naming of the incorrect party in the Consent Judgment and because that information is located on the OCP's website, which has led to confusion by potential students of the school in the Cook Islands.  Plaintiff claims that in 2007, persons have viewed the OCP's website information and asked him why St. Mary's School of Medicine in the Cook Islands was the subject of a lawsuit.

Plaintiff has alleged causes of action pursuant to 42 U.S.C. § 1983 that his Constitutional rights in the Fourteenth Amendment to due process and equal protection were violated by the amendment to Hawaii Revised Statutes Chapter 446E, which forced him to close his business. Plaintiff has also brought claims pursuant to 42 U.S.C. §§ 1985(3) and 1986, and claims that his rights secured by the Eighth Amendment were violated. Plaintiff further brought claims for fraud, negligence, misrepresentation, interference with prospective economic advantage, and conspiracy. On December 11, 2007, Defendants filed a motion for judgment on the pleadings. (Doc. #13.) Plaintiff filed an opposition, and later, an amended opposition on January 31, 2008. Defendants filed a reply on January 31, 2008.

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because a motion made pursuant to 12(c) is functionally identical to a motion to dismiss filed pursuant to 12(b), the "standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). "For purposes of the motion, the allegations of the

non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party establishes that there is no material issue of fact and it is entitled to judgment as a matter of law. Torbet v. United Airlines, Inc., 298 F.3d 1087, 1089 (9th Cir. 2002) overruled on other grounds by United States v. Aukai, 497 F.3d 955 (9th Cir. 2007). The dismissal on the pleadings is proper only if the moving party is clearly entitled to prevail. Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). The court's review is limited to the pleadings. Hal Roach Studios, Inc., 896 F.2d at 1550.

## DISCUSSION

I.   Eleventh Amendment Immunity

        Defendants argue that all claims against the OCP, and claims for money damages and retrospective declaratory relief against Defendants Levins, Bennett, Lingle, and Tong in their official capacities are barred by the Eleventh Amendment.

        "The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver

of its immunity." Wilbur v. Locke, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999)); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) ("[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies"); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (the Eleventh Amendment "jurisdictional bar applies regardless of the nature of the relief sought"). The State of Hawaii has not waived its immunity from suit. See Linville v. State of Hawai`i, 874 F. Supp. 1095 (D. Haw. 1994) (finding the plaintiff's § 1983 claim, either for damages or injunctive relief, was barred by the Eleventh Amendment). Accordingly, this Court finds that the OCP is immune from suit on Plaintiff's claims and GRANTS Defendants' motion as it pertains to Plaintiff's claims against the OCP. Claims against the State of Hawaii Office of Consumer Protection Department of Commerce and Consumer Affairs are hereby dismissed.

Likewise, state officials acting in their official capacities are immune from suit for monetary damages under the Eleventh Amendment since the suit is no different from a suit against the State itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); see

also <u>Hafer v. Melo</u>, 502 U.S. 21, 24-25 (1991) (holding that a defendant acting in his official capacity receives the same immunity as the government agency to which he belongs).  Therefore, as Defendants Mark Bennett and Linda Lingle were sued only in their official capacities and were not mentioned specifically in the First Amended Complaint, claims against them are hereby dismissed.  With respect to Defendants Levins and Tong, Plaintiff's claims against them in their official capacity for monetary damages are also hereby dismissed.

As discussed below, although Plaintiff may bring claims against Levins and Tong in their official capacity for prospective injunctive relief and in their personal capacity, all of Plaintiff's remaining claims are dismissed because they are barred by the statute of limitations.  See <u>Wilbur</u>, 423 F.3d at 1111 (The only exception for a suit to go forward against a state official in his official capacity is a suit "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law.").

II.     <u>Statute of Limitations</u>

Defendants next argue that all of Plaintiff's claims are barred by the statute of limitations.  The statute of limitations for claims for damage or injury to persons or property is two years.  Haw. Rev. Stat. § 657-7.  As Plaintiff is alleging

damage to his business, his negligence and conspiracy claims fall in this two-year statute of limitations period.  Civil rights claims brought pursuant to 42 U.S.C. § 1983 are subject to the two-year statute of limitations.  Pele Defense Fund v. Paty, 837 P.2d 1247, 1259 (Haw. 1992) ("the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions, rather than the six-year statute of limitations set forth in HRS § 657-1(4)."); see also Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims").  Although Hawaii courts have not specifically addressed the question of whether the two-year statute of limitations or the six-year statute of limitations applies to intentional interference with contract and prospective business relationships claims, Hawaii courts have stated that the two-year statute of limitations generally applies to tort actions, and that intentional interference with contract and prospective business relationships claims are torts.  See Jou v. Nat'l Interstate Ins. Co. of Haw., 157 P.3d 561, 567 (Haw. App. 2007) (citing Haw. Rev. Stat. § 657-7 and stating that "a two-year statute of limitations generally applies to tort actions in Hawai`i."); see also Kutcher v. Zimmerman, 957 P.2d 1076, 1088 (Haw. App. 1998) (noting that the causes of action for interference with prospective contractual relations and for interference with

10

existing contracts are torts); see also Ingle v. Liberty House, Inc., Civil No. 94-0787(3), 1995 WL 757746, at *7 (Haw. Cir. Ct. Oct. 12, 1995) (although citing to only Haw. Rev. Stat. § 657-4 regarding the statute of limitations for a libel claim, the Hawaii circuit court stated that "the claims of conspiracy and interference [with contract] are barred by the [two-year] statute of limitations.").

"Personal actions of any nature whatsoever not specifically covered by the laws of the State" have a limitations period of six years. Haw. Rev. Stat. § 657-1(4). Claims sounding in fraud, whether based on state or federal law, are governed by this six-year statute of limitations. Mroz v. Hoaloha Na Eha, Inc., 360 F. Supp. 2d 1122, 1135 (D. Haw. 2005) (citing Eastman v. McGowan, 946 P.2d 1317, 1323 (Haw. 1997)); see also Au v. Au, 626 P.2d 173, 179 (Haw. 1981) (holing that "[s]ince fraudulent representations are not governed by a specific limitations period, the general limitations period set forth in HRS s 657-1(4) applies"). Thus, all of Plaintiff's claims sounding in fraud or misrepresentation are covered by the six-year statute of limitations period.

The next question then is when did the statute of limitations period on Plaintiff's various claims begin to run. Pursuant to "HRS § 657-7, a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection

11

between the two." Assoc. of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc., 167 P.3d 225, 270 (Haw. 2007).

> [T]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. . . . reasonable diligence is not an absolute standard, but is what is expected from a party who has been given reason to inform himself of the fact upon which his right to recovery is premised.

Id. at 270-71 (citations and internal quotation marks omitted). Claims that an ordinance or statute is facially unconstitutional because it may result in a takings without due process accrue on the date that the challenged ordinance or rule went into effect. Action Apartment Ass'n, Inc., 509 F.3d at 1027 ("the cause of action accrues on the date that the challenged statute or ordinance went into effect.")

Here, Hawaii Revised Statute Chapter 446E was amended effective July 1, 1999. Plaintiff was given notice of the effect of the amendment on his business in October 1999. Plaintiff hired an attorney and entered into a Consent Judgment on October 22, 1999. Accordingly, Plaintiff was aware of the alleged negligent act, his injury, and the causal connection between the two by October 22, 1999, at the latest. Plaintiff's claims began to accrue on October 22, 1999, and

therefore, whether covered by a six-year statute of limitations or a two-year statute of limitations, the statute of limitations ran on each of his claims long before he filed his complaint in September 2007. If Plaintiff believed that the Act was not being properly applied to him, or that the law was different then he was being told it was, he could have and should have raised that argument in 1999, prior to entering into the Consent Judgment, or within two or possibly six years therefrom. Having failed to do so, Plaintiff's claims related to the passage of this law and the effect on his business are barred by the statute of limitations.

      Plaintiff argues, however, that Defendants are equitably estopped from alleging a statute of limitations defense because they lulled him into inaction by not providing him with a complete copy of Act 171. The only evidence presented by Plaintiff to show that he was lulled into inaction was the letter sent to him by the OCP which allegedly contained only part of Act 171, did not inform him that there may have been some exceptions for some unaccredited schools to continue operating, and allegedly wrongfully stated that he could not operate a medical school. Plaintiff appears to argue that his reliance on Defendants' representation regarding the law was reasonable because Defendants were representatives of the OCP and he had every reason to believe them.

"It is well-settled that a defendant cannot avail her or himself of the bar of the statute of limitations, if it appears that he or she has done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run against him or her." Vidinha v. Miyaki, 145 P.3d 879, 885 (Haw. App. 2006) (internal quotation marks, brackets, and citations omitted). The party who invokes "equitable estoppel must show that he or she has detrimentally relied on the representation or conduct of the person sought to be estopped, and that such reliance was reasonable." Id. (internal quotation marks and citation omitted).

Plaintiff's argument fails. Act 171 was made public and Plaintiff is held to be aware of the law in its entirety at that time. Ignorance of the law is not a defense to inaction. See Hays v. City and County of Honolulu, 917 P.2d 718, 725 (Haw. 1996) (the discovery rule "does not delay the start of the limitations period until the plaintiff learns of the legal duty upon which he or she may base a cause of action.") (citation, quotation marks, and brackets omitted). Therefore, Plaintiff on his own, clearly could and should have been aware of Act 171 in its entirety. Furthermore, Plaintiff had an attorney at the time he was informed of the amendment to the law and the effect on his business. Accordingly, even if there was an exception to Hawaii Revised Statute Chapter 446E that may have allowed

Plaintiff to continue operations, Plaintiff should have been aware of that exception in 1999, and it was not reasonable for him to rely on Defendants' alleged incomplete presentation of Act 171 to him.  Thus, Defendants are not equitably estopped from asserting a statute of limitations defense.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.  Clerk shall enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 11, 2008.



_____
David Alan Ezra
United States District Judge

Dr. Dwane Lamar Hubbart v. State of Hawai`i Office of Consumer Protection Department of Commerce and Consumer Affairs, et al.;  Civil No. 07-00459 DAE-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS